No. 275

WOLZIER et v. THACKER et

No. 19517. Supreme Court

On motion to certify. Dock. Dec. 29, 1925; 4 Abs. 24.

593. GUARDIAN AND WARD—Does fact that guardian states no statutory grounds upon which sale of ward's property could be sold deprive the court of jurisdiction and render null and void the proceedings and sale ordered under the petition so filed?

Nora M. Thacker, as guardian of Clyde, Belle and Fernie Thacker, filed a petition in the Vinton Probate Court in 1910, making said wards defendants and praying that there be a sale of certain real estate, it being for the support, maintenance and education of said wards.

The petition was signed by Ora M. Thacker and the Probate Court ordered the property sold; and a deed was executed to one James Baker by the guardian, Fernie and Belle Thacker.

In 1925, Herbert Wolzier, and others filed a petition in the Vinton Common Pleas against Clyde Thacker and James Baker claiming that their interests, together with that of said Clyde Thacker had never been conveyed, such interest being three-elevenths of all the property conveyed to Baker. It was further alleged that their interests were taken from them by the guardian proceedings in the Probate Court. Fernie Wolzier and Belle Noble conveyed to John E. Blake, ¼ of their interest in said property.

The Court of Appeals tried the case on Appeal and found the plaintiffs not entitled to the relief sought and dismissed their petition. The case was taken to the Supreme Court on motion to certify and it is there contended that the proceedings in the Vinton Probate

Court in the year 1910, were null and void. It is insisted that the petition in that court represented the guardian as Nora M. Thacker and the record of the proceedings shows that Ora M. Thacker was appointed guardian; and that there is nothing in the record to show that Ora M. Thacker and Nora M. Thacker is one and the same person.

It is further claimed that the failure to state in the probate proceedings, any statutory grounds upon which the sale could be based is not only erroneous but void; and that such failure is an absence of allegations necessary to sustain jurisdiction.

"The petition is the foundation of jurisdiction and the facts upon which a sale is authorized is jurisdictional, and enough of them to bring the case within the statute must be alleged in the petition in order to vest the court with power to order the sale."

Attorneys—John E. Blake, McArthur, for Wolzier et; Wells & Jones, Wellston, for Thacker et.